OPINION AND ORDER
[1] This is an appeal from a criminal conviction in which the Appellant, Derrick Claw, plead guilty and based upon that plea was found guilty and sentenced to 270 days in jail.

FACTUAL & PROCEDURAL BACKGROUND

[2] On or about February 27, 2005, the Appellant was arrested by Hopi Police for charges related to allegedly breaking and entering into a home in the village of Polacca and resisting arrest upon being confronted by the Police. The next day he was arraigned before the Honorable Delfred Leslie, Judge of the Hopi Tribal Court.
[3] At the arraignment hearing, the Appellant indicated his desire to plead guilty to various charges contained in six separately filed criminal complaints. Pursuant to an agreement with the tribal prosecutor, one charge, resisting lawful arrest, was withdrawn. During the Judge’s examination of the Appellant, the Appellant stated, “Right now, I’m still kind of buzzed, not buzzed, but I’m still hanging, coming off of that ...” Later, Appellant reiterated “I am buzzed.” At the conclusion of the hearing, the Judge accepted the Appellant’s guilty plea, and based upon the plea, the Court adjudged him guilty and sentenced him to 270 days in jail.
[4] The Appellant, in pro per, filed his notice of appeal asserting he was “under the influence of intoxicating liquor” at the time he entered his plea and unwillingly made the decision to plead guilty.

DISCUSSION

[5] Appellant asserts that he was under the influence of intoxicating liquor at the arraignment hearing. The record bears out that during the hearing he asserted his intoxication. However, the Court did not make factual findings on the record of the Appellant’s intoxication or *405 sobriety. Our case law requires that a defendant’s guilty plea must be knowing, intelligent and voluntary, see Emerson Ami, et al., v. The Hopi Tribe, AP-003-89 (March 29, 1996). A defendant who is intoxicated at the time he or she enters a guilty plea raises doubt as to the whether the plea was knowingly, intelligently, and voluntarily given. A defendant who enters a guilty plea must have sufficient competence to do so. The Judge must be satisfied, and find, that the defendant “has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well factual understanding of the proceedings against him.” Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) as made applicable to guilty pleas in Godinez v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). In this case the Trial Court made no findings on the record regarding the Appellant’s competence to enter a guilty plea. It is incumbent upon the Court to do so upon being confronted by the Appellant’s assertions of intoxication.

CONCLUSION

[6] We find that the Trial Court should have made findings, upon inquiry, of the defendant’s competence to make a knowing, intelligent, and voluntary plea of guilty. In the alternative, the Trial Court should have postponed the arraignment to ensure the Appellant’s sobriety.

ORDER OF THE COURT

[7] WE THEREFORE VACATE the judgment order, and ORDER a new arraignment to be held.